IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01574-BNB

OSIEL RODRIGUEZ,

    Plaintiff,

v.

R. WILEY, Warden,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 25 2009

GREGORY C. LANGHAM
                    CLERK

---

ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff, Osiel Rodriguez, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at ADX Florence. Mr. Rodriguez has filed a *pro se* Prisoner Complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388, and 28 U.S.C. § 1331. He asserts that the Financial Management Department, in violation of 28 U.S.C. § 1915(b)(2), is withdrawing monies from his inmate account to make payments on the filing fees that are due in the United States District Court for the Eastern District of California, even when the amount in his account is $10.00 or less. Mr. Rodriguez seeks injunctive relief and money damages.

The Court must construe the Complaint liberally because Mr. Rodriguez is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons stated below, Mr.

Rodriguez will be ordered to file an Amended Complaint.

Mr. Rodriguez must allege how Defendant R. Wiley personally participated in violating his constitutional rights or name as defendants the individuals responsible for improperly withdrawing monies from his account for the purpose of making payments on the court filing fees that Mr. Rodriguez owes. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant, such as a warden, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). Accordingly, it is

ORDERED that Mr. Rodriguez, **within thirty days from the date of this Order,** file an Amended Complaint that complies with the directives of this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Rodriguez, together with a copy of this Order, two copies of the Prisoner Complaint form for use in filing the

Amended Complaint.  It is

FURTHER ORDERED that if Mr. Rodriguez fails to comply with this Order to the Court's satisfaction, within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED August 25, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01574-BNB

Osiel Rodriguez
Reg No. 21136-018
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/25/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk