IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01574-PAB-MJW

OSIEL RODRIGUEZ,

Plaintiff,

v.

R. WILEY and
MR. COOPER,

Defendants.

---

**RECOMMENDATION ON**
**DEFENDANT COOPER'S MOTION TO DISMISS (Docket No. 24)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case was referred to this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Philip A. Brimmer on September 21, 2009. (Docket No. 12).

The operative pleading is the Amended Prisoner Complaint (Docket No. 9) in which the pro se incarcerated plaintiff asserts jurisdiction over his claims pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (Docket No. 9 at 3). Plaintiff originally commenced this action in the United States District Court for the Eastern District of California by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Docket No. 1-2). That court transferred the case to this court because the plaintiff (then petitioner) was not incarcerated at a facility within that court's jurisdiction. (Docket

No. 1). Upon receipt of the case in this district, Magistrate Judge Boland issued an Order Directing Applicant to Cure Deficiencies (Docket No. 3) in which it was determined that plaintiff was asserting civil rights claims rather than habeas corpus claims.

The two named defendants are R. Wiley, Warden of USP ADX Florence, and Mr. Cooper, Director of Financial Management Department. Plaintiff alleges the following in his Amended Prisoner Complaint (Docket No. 9). Plaintiff has two civil actions filed in the U.S. District Court for the Eastern District of California in which he was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Pursuant to that court's order, the financial management department in the institution in which plaintiff is housed has been directed to collect twenty percent of the funds from the plaintiff's prisoner account and forward it to the court when his account exceeded ten dollars. Defendants, however, have continuously violated that order by collecting funds toward plaintiff's filing fee obligation when his account does not contain or exceed ten dollars. On September 16, 2008, plaintiff filed a motion in the California court seeking clarification of the payment-collection order, and the court's order on that motion stated that "[p]ayments shall not be collected when the amount in plaintiff's account does not exceed $10.00." Nevertheless, and despite filing an administrative remedy request and subsequent appeals, defendants have continued to collect funds from plaintiff's account toward the filing fee payments when plaintiff's funds do not exceed ten dollars. Consequently, plaintiff filed this action for relief. He raises one claim, namely, a claim that the "defendants are in violation of 28 U.S.C. § 1915(b)(2). " Plaintiff

seeks injunctive and monetary relief.

Now before the court for a report and recommendation is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) filed by defendant Cooper. (Docket No. 24). Defendant Cooper seeks dismissal on the following grounds: (1) the court must dismiss any official capacity Bivens claim for damages; (2) the complaint does not allege any constitutional violation, namely, (a) plaintiff fails to allege personal conduct by defendant Cooper; and (b) supervisor liability is an improper basis for a Bivens action; (3) plaintiff has failed to state a claim; (4) defendant is entitled to qualified immunity; (5) plaintiff's claim that the California courts' order are not being followed should not be considered in the first instance by this court; and (6) plaintiff has twice been afforded an opportunity to file a proper complaint. Plaintiff filed a "Motion in Opposition to Defendant's Motion to Dismiss." (Docket No. 26). The court has carefully considered the arguments of the parties as well as applicable Federal Rules of Civil Procedure and case law. In addition, the court has taken judicial notice of the court's file. The court now being fully informed makes the following findings, conclusions, and recommendation.

A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Rogers v. Garcia, 2010 WL 3547432, at *1 (D. Colo. Sept. 3, 2010) (quoting Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003)). For purposes of such a motion, the court must accept all

factual allegations in the complaint as true and resolve all reasonable inferences in plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausiblity when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

Since the plaintiff is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Inmates have a constitutionally protected property interest in the funds in their inmate accounts. Gillihan v. Shillinger, 872 F.2d 935, 939 (10th Cir. 1989). Nevertheless, here the plaintiff does not appear to be asserting that he has not been afforded due process of law with regard to the allegedly incorrect withdrawals from his inmate account. Rather, he is complaining that the defendants have not been correctly complying with the California court's order. This court agrees with the moving defendant that the relief plaintiff seeks should be sought from the court that issued the order, rather than through a civil rights action here. The court recognizes that the plaintiff commenced this action in California. Plaintiff, however, improperly sought relief through a petition for a writ of habeas corpus. Upon initial review in California, it was determined that this court had jurisdiction over a habeas petition because the petitioner is housed here in Colorado. A close review of the claim raised by the plaintiff, however, shows that he is not raising a claim of

constitutional dimension. Rather, he is seeking compliance of a court order issued in another jurisdiction. This case is brought pursuant to Bivens, 403 U.S. 388, in which the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). Since the plaintiff here has not alleged a constitutional violation, this court finds that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, it is recommended that the instant motion to dismiss be granted and also that the Amended Prisoner Complaint be dismissed *sua sponte* as against unserved defendant Wiley pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendant Cooper's Motion to Dismiss (Docket No. 24) be **GRANTED**. It is further

**RECOMMENDED** that the Amended Prisoner Complaint also be dismissed with respect to unserved defendant Wiley pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file**

**and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: September 17, 2010
Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge